# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 29, 2026)

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STACEY BECKERLEY, | \* | |
| | \* | No. 20-1723V |
| Petitioner, | \* | |
| | \* | Special Master Dorsey |
| v. | \* | |
| | \* | Attorneys' Fees and Costs |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.
Elizabeth Andary, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 1, 2020, Stacey Beckerley ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered peripheral neuropathy as a result of an influenza vaccine she received on December 28, 2017. Petition at Preamble (ECF No. 1). On May 9, 2025, the parties filed a joint stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 99).

On July 24, 2025, petitioner filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 104). Petitioner requests total attorneys' fees

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

and costs in the amount of $185,282.20, representing $96,293.20 in attorneys' fees and $50,685.44 in attorneys' costs[3] incurred by petitioner's current counsel at Black McLaren Jones Ryland & Griffee ("BMJRG"), and $37,503.90 in attorneys' fees and $799.66 in attorneys' costs incurred by petitioner's former counsel at Conway Homer. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. Fees App. Ex. 5. Respondent filed his response on July 31, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 105). On April 23, 2026, Petitioner filed a supplemental motion for attorneys' fees and costs. Supp. Fees App.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $179,377.49.**

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the

---

[3] Petitioner initially requested a total of $167,157.20, which included $32,560.44 in attorneys' costs. On April 15, 2026, an OSM staff attorney assisting the undersigned with this case emailed the parties, informing petitioner that the expert invoices for Dr. Nizar Souayah, and Dr. M. Eric Gershwin, respectively, were missing from the record. On April 23, 2026, petitioner filed a supplemental fee motion requesting additional costs and providing supporting exhibits. Supplemental Motion for Attorneys' Fees and Costs ("Supp. Fees App.") (ECF No. 106). Petitioner explained that the final invoices for both Dr. Souayah and Dr. Gershwin had inadvertently not been provided. See id. at 2. Petitioner requests an additional $18,125.00 for these omitted invoices; thus, the total amount of attorneys' costs requested is $50,685.44, and the total amount of attorneys' fees and costs requested is $185,282.20.

name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

### 1.  Reasonable Hourly Rates

#### a.  Black McLaren Jones Ryland & Griffee, PC (BMJRG)

Petitioner requests the following rates of compensation for her attorneys at BMJRG: for Mr. Christopher Webb, $410.00 per hour for 2023, $435.00 per hour for 2024, and $472.00 per hour for 2025; and for Ms. Hallie Goodman Flanagan, $386.00 per hour for work performed in 2024. The hourly rates requested by Mr. Webb are reasonable and consistent with prior determinations and will therefore be adopted. However, the rate of $386.00 for 2024 time billed by Ms. Flanagan requires an adjustment.

Ms. Flanagan was previously awarded the *lesser* rate of $336.00 per hour for work performed in 2024. See Sims, et al. v. Sec'y of Health & Human Servs., No. 15-1526V, 2026 WL 937537 (Fed. Cl. Spec. Mstr. Mar. 11, 2026). The undersigned finds no reason to deviate from this determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See Jefferson v. Sec'y of Health & Human Servs., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023).  Accordingly, the undersigned hereby reduces Ms. Flanagan's rate for work performed in 2024 to be consistent with the aforementioned decision. Application of the foregoing reduces the amount of fees to be awarded by **$125.00**.[4]

#### b.  Conway Homer, PC

Petitioner requests the following rates of compensation for her attorneys at Conway Homer: for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $567.00 per hour for work performed in 2025; for Ms. Christina Ciampolillo, $425.00 per hour for work performed in 2022, $470.00 per hour for work performed in 2023, and $500.00 per hour for work performed in 2024, and $537.00 per hour for work performed in 2024; for Mr. Joseph Pepper, $355.00 per hour for work performed in 2021, and $415.00 per hour for work performed in 2022; for Ms. Lauren Faga, $330.00 per hour for work performed on 2020 and 2021, $385.00 per hour for work performed on 2022, and $425.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $410.00 per hour for work performed in 2022; and for Mr. Patrick Kelly,

---

[4] This amount is calculated as follows: ($386.00 - $336.00 = $50.00 x 2.5 hours billed) = $125.00.

$225.00 per hour for work performed in 2020. For paralegals, petitioner requests the following rates: $145.00 per hour for work performed in 2019, $155.00 per hour for work performed in 2020 and 2021, $170.00 per hour for work performed in 2022, $185.00 per hour for work performed in 2023, and $207.00 per hour for work performed in 2025.  The requested rates are reasonable and shall be awarded herein.

### 2.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

### a.  Black McLaren Jones Ryland & Griffee, PC

Upon review, the billing entries submitted by BMJRG reveal both attorney and paralegal time billed for administrative tasks, such as, filing documents in CM/ECF, calendaring deadlines, internal case tracking, drafting notices of filing, and preparing and sending files. There are more than 30 such entries throughout the billing records. *See* Fees App. Ex. 2 at 2, 6-11, 13, 15-18, 20, 22-23.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); Kerridge v. Sec'y of Health & Human Servs., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

4

A review of the billing records reveals that counsel billed 12.4 hours of both attorney and paralegal time (33 entries) on administrative tasks, totaling $2,692.20. Accordingly, petitioner's fees will be reduced by **$2,692.20** to account for this impermissible billing. Petitioner is entitled to final attorneys' fees in the amount of $93,476.00 for the work performed by BMJRG.

### b.  Conway Homer, PC

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $37,503.90.

## B.  Attorneys' Costs

### 1.  Black McLaren Jones Ryland & Griffee, PC

Petitioner requests a total of $50,685.44 in attorneys' costs incurred by BMJRG. This amount is comprised of postage and costs associated with traveling for a client visit, an expert visit, and mediation, including parking, airfare, lodging, meals, ground transportation, car rental, and fuel), and postage. See Fees App. Ex. 2. This amount also includes services provided by the following experts: neurologist Lawrence Steinman, M.D. at $550.00 per hour for 10 hours, totaling $5,500.00; neurologist Nizar Souayah M.D. at $500.00 per hour[5] for 38.75 hours, totaling $19,375.00; and for immunologist M. Eric Gershwin, M.D. at $500.00 per hour for 32.25 hours, totaling $16,125.00. See id.; see also Supp. Fees App. Exs. 1 and 2.

The undersigned has reviewed the requested costs and finds the postage and expert services to be reasonable. The rates billed by the experts are consistent with what they have been previously awarded, and the undersigned finds them reasonable herein. However, some of the costs associated with petitioner's counsel's travel require reduction.

### a.  Lodging

Petitioner requests reimbursement for Mr. Webb's lodging related to a client visit from February 27, 2023, through March 1, 2023 (two nights), and for mediation from March 5, 2025, through March 8, 2025. During both of these stays Mr. Webb stayed at The Lodge Torrey Pines in La Jolla, California. The Lodge Torrey Pines describes itself as a "Luxury Resort Hotel . . . .

---

[5] Dr. Souayah originally billed for $650.00 per hour; however, in her supplemental motion, petitioner noted that "Dr. Souayah voluntarily reduced his hourly rate to $500/hr for his work on this file as a showing of good faith for the late-submitted invoice." Supp. Fees App. at 2. The undersigned makes no finding as to the reasonableness of $650.00 hourly rate.

the AAA Five Diamond rated resort exceeds expectations with world-class dining, a full-service space and unprecedented service."[6]

For the first trip in 2023 to La Jolla, Mr. Webb stayed The Lodge Torrey Pines for two nights at a rate of $539.14 per night, excluding taxes. This nightly rate exceeds the federal government's daily lodging budget for a hotel stay in the San Diego, California area, which was $181.00 per night in February/March 2023.[7] This results in a reduction of **$716.28**.[8]

For the second trip in 2025 to La Jolla, Mr. Webb stayed The Lodge Torrey Pines for three nights at a rate of $930.90, totaling $3,148.19 (including taxes, but not including $202.50 in resort fees due at the hotel). *See* Fees App. Ex. 2 at 65, 68. The purpose for this travel was for a one-day mediation on March 7, 2025; however, Mr. Webb's hotel stay was from March 5-March 8, 2025. Mr. Webb did not explain why he needed an additional day added to the beginning of this trip. In fact, Mr. Webb did not bill any time for work performed in this case on March 5th. Since the mediation occurred on March 7, 2025, it would have been reasonable for Mr. Webb to fly in on March 6th, and leave March 8th, totaling two nights.

Special masters have declined to compensate petitioners for extra nights in a hotel. See, e.g., Gramza ex rel. J.G. v. Sec'y of Health & Human Servs., 2017 WL 3574794, at *5 (Fed. Cl. Spec. Mstr. June 28, 2017) (reducing expenses related to extra days in Washington, DC and finding "[t]he Program is not responsible for reimbursing an extended visit to Washington, DC, for counsel or petitioners themselves, regardless of the distance the parties must travel"); Fuller ex rel. B.F. v. Sec'y of Health & Human Servs., No. 15-1470V, 2019 WL 4648907, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (declining to compensate a petitioner for two extra nights in a hotel due to "the difficulty of traveling with a 1 year old"); Broekelschen v. Sec'y of Health & Human Servs., No. 07-137V, 2011 WL 2531199, at *13 (Fed. Cl. Spec. Mstr. June 3, 2011) (refusing to compensate for an extra night's hotel stay "to accommodate time zone changes"), mot. for review denied, 102 Fed. Cl. 719, 732 (2011). The undersigned does not find the prolonged stay reasonable and will award petitioner for only two nights. This results in a reduction of **$1,116.90**.[9]

Additionally, Mr. Webb explained that he booked a more expensive Suite style room because it had contained a satisfactory/private meeting space for the mediation. Fees App. Ex. 2 at 61. Mr. Webb stated that this amount was less than at a nearby Hilton with a meeting space (more than $3,000), or a standard room at the Lodge for $1,893.03 (plus more than $2000 for a meeting space). *Id*. at 71, 74. Mr. Webb provided screenshots to support this statement.

---

[6] See The Lodge Torrey Pines' website at: https://www.lodgetorreypines.com/ (last visited April 15, 2026).

[7] See GSA FY 2023 and 2025 Per Diem Rates for San Diego, California at: https://www.gsa.gov/travel/plan-book/per-diem-rates.

[8] This amount is calculated as $539.14 - $181.00 = $358.14 x 2 nights = $716.28.

[9] This amount is calculated as $3,148.19/3 days = $1,049.396 + $67.50 (resort fees) = $1,116.90.

Accepting Mr. Webb's statements as true, had he stayed at the Lodge for three nights, this stay would have been $499.00 per night. Therefore, it is reasonable to calculate the value of the meeting space as $431.90 per night, which the undersigned will allow. However, the $499.00 nightly rate still exceeds the federal government's daily lodging budget for a hotel stay in the San Diego, California area, which was $199.00 per night in March 2025. See GSA FY 2025 Per Diem Rates. This results in a reduction of **$600.00**.[10]

  b.  Meals

Petitioner requests reimbursement for various meal expenses incurred on his trip to San Diego, California for the March 7, 2025 mediation. Specifically, $152.37 on March 5, 2025, $209.10 on March 6, 2025, and $176.93 on March 7, 2025. Fees App. Ex. 2 at 68. First, because Mr. Webb's stay on March 5, 2025, was found to be unreasonable, any costs incurred on that day related to travel will likewise not be reimbursed. This results in a reduction of **$152.37**.

Next, the undersigned notes that there are no corresponding receipts for the meals billed by Mr. Webb, other than the charges appearing on the hotel invoice. This issue is not new to Mr. Webb. See, e.g., Moua v. Sec'y of Health & Human Servs., No. 21-1023V, 2025 WL 2443149, at *4 (Fed. Cl. Spec. Mstr. May 14, 2025) (reducing Mr. Webb's meals by 50% because there were no itemized receipts for the meals, only the hotel invoice). Because Mr. Webb did not submit an itemized receipt for these meals, the undersigned will reduce these costs by 50% resulting in a reduction of **$193.02**.[11]

  c.  Car Rental

Petitioner requests reimbursement for Mr. Webb's rental car expenses incurred on his trip to San Diego, California for the March 7, 2025 mediation. Mr. Webb rented from Enterprise from for four days, from March 4, 2025, through March 8, 2025, at a rate of $117.79 per day. Fees App. Ex. 2 at 77. Mr. Webb was credited one day for the rental; therefore, the total cost of the rental for three days, including taxes and fees was $463.40. Id. For the reasons explained, the rental on March 5, 2025, will not be reimbursed. This results in a reduction of **$154.47**.[12]

The rental car invoice states that Mr. Webb rented a Land Rover's Range Rover Sport, a vehicle in Enterprise's WFAR car class, which Enterprise identifies as its "Full Size Luxury SUV Rental" and describes as "unparalleled performance with superior style and comfort."[13]

---

[10] This amount is calculated as $499 - $199 = $300 x 2 nights = $600.00.

[11] This amount is calculated as $209.10 + $176.93 = $386.03 x 50% = $193.015.

[12] This amount is calculated as $463.40/3 days = $154.4667.

[13] See Enterprise's website at: https://www.enterprise.com/en/rental-cars/us/suvs/full-size-luxury-suv-wfar.html (last visited April 15, 2026).

The vehicle rented by Mr. Webb during the mediation was excessive and reflects luxury expenses the Vaccine Program will not reimburse. <u>See, e.g.</u>, <u>Stimson v. Sec'y of Health & Human Servs.</u>, No. 21-2171V, 2024 WL 4133295 at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024); <u>Van Vessem v. Sec'y of Health & Human Servs.</u>, No. 11-132V, 2018 WL 3989517, at *9-11 (Fed. Cl. Spec. Mstr. July 3, 2018); <u>McMurty v. Sec'y of Health & Human Servs.</u>, No. 15-405V, 2018 WL 5276700, at *5 (Fed. Cl. Spec. Mstr. Sept. 26, 2018); <u>Mostovoy v. Sec'y of Health & Human Servs.</u>, No. 02-10V, 2016 WL 720969, at *15-17 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Although rental cars, like lodging and airfare, are subject to fluctuations in price, "luxury" car rentals are unreasonable in the Vaccine Program absent supporting substantiation. Accordingly, the undersigned will reduce these costs by 50% resulting in a reduction of **$154.47**.[14]

The total reduction to the costs incurred by BMJRG is **$3,087.51**. Accordingly, petitioner is awarded $47,597.93 in costs incurred by BMJRG.

### 2. Conway Homer, PC

Petitioner requests a total of $799.66 in attorneys' costs, including the acquisition of medical records, postage, and copies. The costs requested by Conway Homer in this matter appear reasonable. Accordingly, petitioner is awarded the full amount of $799.66 for costs incurred by Conway Homer.

### II.      Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| BMJRG | |
|---|---|
| Attorneys' Fees Requested | $96,293.20 |
| (Reduction of Fees) | ($2,817.20) |
| **Total Attorneys' Fees Awarded** | **$93,476.00** |
| | |
| Attorneys' Costs Requested | $50,685.44 |
| (Reduction of Costs) | ($3,087.51) |
| **Total Attorneys' Costs Awarded** | **$47,597.93** |
| | |
| **Total Attorneys' Fees and Costs (BMJRG)** | **$141,073.93** |
| | |
| **Conway Homer, PC** | |
| Attorneys' Fees Requested | $37,503.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$37,503.90** |

---

[14] This amount is calculated as $463.40 - $154.47 = $308.93 x 50% = $154.465.

8

| | |
|---|---|
| Attorneys' Costs Requested | $799.66 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$799.66** |
| | |
| **Total Attorneys' Fees and Costs (Conway Homer, PC)** | **$38,303.56** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $141,073.93 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (Black McLaren Jones Ryland & Griffee) IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $38,303.56 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel's (Conway Homer, PC) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[15]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[15] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.